(No. 16622.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX W. WALDER, Plaintiff in Error.

*Opinion filed June 18, 1925.*

1. CRIMINAL LAW—*what is sufficient to charge violation of the Medical Practice act.* An indictment charging violation of the Medical Practice act need not name the particular person treated without a license; and where said person is named in the indictment but does not testify, the offense may be established by the testimony or admissions of the defendant.

2. MEDICINE AND SURGERY—*practice of chiropractic is subject to regulation.* The practice of chiropractic is subject to regulation by the State, as, regardless of whether it is skillfully pursued, it can not be said that it is a harmless practice or calling.

3. SAME—*the provision that twenty-two months shall elapse in preparation for practice of chiropractic is reasonable and valid.* The provision of section 5 of the Medical Practice act that one desiring to treat human ailments without the use of medicine or surgery must pursue a course of study in a recognized college for three school years of not less than six months each, and that a period of at least twenty-two months shall elapse between the times of beginning and completing the course, is reasonable and valid.

4. SAME—*Medical Practice act of 1923 is valid.* The Medical Practice act of 1923 is not arbitrary, unreasonable or discriminatory and is not unconstitutional.

DUNCAN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

ISAAC A. LOVE, and REUBEN B. KILGORE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ELMER O. FURROW, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Medical Practice act of 1923 prohibits any person from treating human ailments without the license required by the act and provides a penalty for a violation of its provisions. Since June, 1921, plaintiff in error has practiced chiropractic in Danville and has treated the ailments of many persons. He attended the Palmer School of Chiropractic, located at Davenport, Iowa, for a period of eighteen months, and a diploma was issued to him upon his graduation in May, 1921. Being unable to meet the minimum standards of professional education prescribed by section 5 of the act, he was refused the privilege of taking the examination for the purpose of securing a license to treat human ailments. He was indicted, tried and convicted for violating the Medical Practice act and was adjudged to pay a fine of $300. He contends that the evidence does not support the verdict, and that judgment should not have been entered on the verdict for the reason that the Medical Practice act of 1923 is unconstitutional.

The indictment contained seventeen counts, each charging that plaintiff in error had violated the act by treating

a person named in the count. Plaintiff in error was found guilty under the fourth count of the indictment, which charged that he had treated the ailments of C. H. Mielke without being licensed to treat human ailments. Mielke did not testify, but plaintiff in error testified that Mielke came to his office, that he was suffering from gallstones, and that he gave Mielke adjustments between November 2, 1923, and June 6, 1924, the latter being the date when the indictment was returned. The offense for which plaintiff in error was being prosecuted was treating human ailments without a license so to do, and not the treating of the ailments of any particular person. Plaintiff in error admitted that he had given adjustments to hundreds of persons who were suffering from different ailments. While it was unnecessary to name in the indictment the persons treated, the evidence in the record supports the charge made in the fourth count of the indictment, under which he was sentenced.

The first objection of plaintiff in error to the validity of the act is that the practice of chiropractic is a useful and harmless calling, which cannot be regulated by the State This objection is so clearly without merit that discussion of the question seems unnecessary. (*Collins* v. *State*, 223 U. S. 288, 32 Sup. Ct. 286.) If a chiropractor can by manipulation move a dislocated vertebra so that the pressure on a nerve will be relieved and paralysis cured, he can by the same process dislocate a vertebra and cause a paralyzed condition. Any method of treating human ailments which, when practiced skillfully, can restore a diseased human body to health is capable of doing great harm when practiced without care or skill. A method of treating human ailments cannot be both useful and harmless. If it is sufficiently efficacious to be useful it is at the same time capable of producing harmful results.

It is contended further that the requirement that twenty-two months shall elapse between the time the student begins his eighteen months' course of study and the time he finishes

his course is arbitrary and unreasonable. That portion of section 5 of the act applicable to plaintiff in error requires that he shall pursue the studies necessary to fit him to practice chiropractic in a recognized college for three school years of not less than six months each. It is a usual provision in acts or rules governing the time during which studies shall be pursued for the securing of a professional education that a certain period of time elapse between the ending of one school year and the beginning of the next succeeding school year. It is generally conceded that it is proper for the legislature to prescribe minimum requirements of education for admission to examination for the purpose of securing a license to treat human ailments, and it is the province of the legislature to determine in the first instance how much time shall elapse between the time of beginning and the time of concluding the prescribed course of study. In making this requirement the legislature must have in mind that the public should be protected from persons who do not have the necessary knowledge to treat human ailments. Every person may have occasion to consult a physician, but comparatively few persons can judge the qualifications of learning and skill which he possesses. Any person who professes to practice any system of treating human ailments has to deal with those mysterious influences upon which health and life depend, and no person can claim the right to enter that profession who does not have a knowledge of the human body, its complicated parts and their relation to each other, and a knowledge of the effect upon the human body of substances which might cause sickness or destroy life. Whatever method of treating human ailments is used by a physician, he should be able to detect readily the presence of disease and prescribe appropriate remedies for its removal. Taking into consideration the subject matter with which the legislature was dealing, we are of the opinion that the requirements applicable to the limited practitioner are not subject to the charge of

being arbitrary and unreasonable, but that they are liberal when compared with the requirements of the same act applicable to persons who desire to practice medicine in all of its branches.

It is also contended that the act is void for the reason that it discriminates in favor of officers of the medical corps of the army, the navy, and the Public Health Service of the United States. Section 13 of the act provides that the Department of Registration and Education may in its discretion issue a license without examination to any graduate of a recognized college who has passed an examination for admission to any of said medical corps. That there is a valid basis for exempting from the operation of the act these physicians is apparent. Their competency is assured by the exactions required of them before they can become commissioned in the service of the United States. The section is not in any respect arbitrary or unreasonable nor does it create discrimination. (*Scholle* v. *State*, 90 Md. 729, 46 Atl. 326; *Watson* v. *Maryland*, 218 U. S. 173, 30 Sup. Ct. 644.) Furthermore, the exemptions provided in section 13 in no way affect any of the rights of plaintiff in error, and we do not regard the provisions of this section involved in this case. *Kettles* v. *People*, 221 Ill. 221; *Williams* v. *People*, 121 id. 84.

The Medical Practice act of 1923 recognizes the different methods of treating human ailments and prescribes reasonable and uniform regulations for testing the qualifications of persons who desire to practice medicine in all of its branches and of persons who desire to practice some. limited form of treating human ailments. This act meets the constitutional objections which rendered void the earlier medical practice acts and is valid legislation. *People* v. *Witte*, 315 Ill. 282.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DUNCAN, dissenting.