THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* A. HAWKINSON, Plaintiff in Error.

*Opinion filed February 16, 1927.*

1. CONSTITUTIONAL LAW—*what is not a delegation of judicial power to administrative body.* As the legislature, in enacting a law, cannot always deal with the details of every particular case, it is not a delegation of judicial power to give an administrative officer or body power to issue licenses to engage in certain professions which the law purports to regulate, where the exercise of the power is only incidental to the duty of administering the law.

2. MEDICINE AND SURGERY—*Medical Practice act does not delegate arbitrary or judicial power to Department of Registration and Education.* The Medical Practice act, in requiring that an applicant for a license under the act must be a graduate of a school which is reputable and in good standing in the judgment of the Department of Registration and Education, does not delegate arbitrary or judicial power to the department, as it is impossible for the legislature itself to pass upon the qualifications of the various schools and their graduates, and the department, under the act, is not permitted to act arbitrarily, its actions in the premises being subject to review by the courts.

3. CRIMINAL LAW—*question of a former conviction for same offense may be raised on a plea of not guilty.* A defendant may, under a plea of not guilty, introduce evidence of a former conviction or acquittal of the same offense, and where no question is raised in the Supreme Court on the admissibility or rejection of testimony on a trial of the plea of not guilty and the defendant is found guilty of the offense subsequent to the prior conviction, the court's action in sustaining a demurrer to the defendant's plea in bar setting up a prior conviction cannot be regarded as error.

WRIT OF ERROR to the County Court of Hancock county; the Hon. WARREN H. ORR, Judge, presiding.

THOMAS MORRIS, CLYDE P. JOHNSON, O. C. KIRKPATRICK, and L. LAMET, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HOMER H. WILLIAMS, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

September 3, 1925, an information on behalf of the People of the State of Illinois was filed in the county court of Hancock county, the first count of which charged that plaintiff in error on the second day of September, 1925, held himself out to the public as being engaged in the diagnosis and treatment of ailments of human beings as a business or profession, without having a license as required by the Medical Practice act. The second count charged that on September 2, 1925, he treated human ailments by a system or method known as chiropractic without having a license so to do. February 1, 1926, plaintiff in error filed a plea in bar, to the effect that at the April term, 1925, of the county court of Hancock county he was tried and convicted for the same offense as that alleged in the information of September 3, 1925. The State's attorney filed a demurrer to this plea, which demurrer was sustained. Plaintiff in error then entered a plea of not guilty, and upon trial by a jury he was found guilty upon both counts of the information. Motion for a new trial being overruled he was sentenced on each count to pay a fine of $100 and to be confined on the Illinois State farm at Vandalia for the term of sixty days, the sentences to run concurrently. To review this record plaintiff in error has sued out a writ of error from this court.

It is first contended by plaintiff in error that the Medical Practice act, and particularly that portion of it prescribing the requirements of an applicant for a license for the practice of any system or method of treating human ailments without the use of drugs or medicines and without operative surgery, is unconstitutional, in that it provides that before an applicant may take an examination he must be a graduate of a school which is reputable and in good standing in the judgment of the Department of Registration and Education. Plaintiff in error's position is that this is a delegation by the legislature of its legislative func-

tions to said department, and is therefore invalid. Legislative power is the power to enact laws or declare what the laws shall be. Judicial power is the power which adjudicates upon the rights of citizens and to that end construes and applies the law. The legislature cannot deal with the details of every particular case, and the manner of executing a law must necessarily be left to the reasonable discretion of administrative officers, and the exercise of that discretion does not constitute the exercise of judicial power. (*Board of Education* v. *Board of Education*, 314 Ill. 83.) An administrative agency empowered to issue licenses to engage in certain professions must necessarily exercise *quasi* judicial power in determining whether a license shall be issued, but the exercise of this power is only incidental to the duty of administering the law relating to the regulation of a particular calling or profession, and in so doing it is not exercising judicial power within the meaning of the constitutional provision that no person or collection of persons being one of the three departments of the State shall exercise any power properly belonging to either of the others, except as in the constitution expressly directed or permitted. (*Italia America Shipping Corp.* v. *Nelson*, 323 Ill. 427.) While the legislature cannot arbitrarily interfere with the enjoyment of rights guaranteed by the constitution and cannot invest any board or commission with arbitrary discretion, which may be exercised in the interest of a favored few or which affords opportunity for unjust discrimination, (*Noel* v. *People*, 187 Ill. 587,) it is a matter of common knowledge that in the past there have been medical schools of all kinds, from those of the highest standing to the fake school or so-called "diploma mill," and manifestly it would be absolutely impossible for the legislature itself to pass upon the qualifications of all the various schools in the country and upon the qualifications of their graduates, and this power must therefore be lodged in some administrative body. Section 20 of the act pro-

vides that the "act shall not be so construed as to discrimi-
nate against any system or method of treating human ail-
ments, or against any medical college, or any professional
school, college or institution teaching any system or method
of treating human ailments." The department, under the
act, is not permitted to act arbitrarily, and its actions in
the premises are subject to review by the courts. (*Peo-
ple* v. *Witte,* 315 Ill. 282.) The act itself fixes minimum
standards of professional education to be enforced by the
department in conducting examinations and issuing licenses.
In *People* v. *Walder,* 317 Ill. 524, (a case in which a chiro-
practor contended that this act was unconstitutional,) this
court said: "This act meets the constitutional objections
which rendered void the earlier medical practice acts and
is valid legislation."

The only other point discussed by plaintiff in error is
that the court erred in sustaining a demurrer to the plea
in bar of former conviction. There was a plea of not
guilty in this case, and under our Criminal Code a plea of
former conviction or acquittal is unnecessary, and a de-
fendant may under the plea of not guilty introduce evi-
dence of a former conviction or acquittal. (*Hankins* v.
*People,* 106 Ill. 628; *People* v. *Brady,* 272 id. 401.) It
was therefore not error to sustain the demurrer. (*Hankins*
v. *People, supra.*) The record of the former conviction
was competent evidence in this case, but the uncontroverted
evidence in the case shows that after the filing of the in-
formation alleged in the plea, and prior to the filing of
the information in the present case, plaintiff in error was
guilty on both counts of the information, and the result in
this case could have been in no manner affected by the in-
troduction in evidence of the record of the former convic-
tion. No point is made in plaintiff in error's brief and
argument that the court erred in its rulings upon the ad-
mission of evidence.

The undisputed evidence shows that defendant is guilty in manner and form as charged in both counts of the indictment, and the judgment of the county court must therefore be affirmed.                    *Judgment affirmed.*