(No. 22560.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE GARKUS, Plaintiff in Error.

*Opinion filed October 24, 1934.*

MICHAEL M. OBARTUCH, (CHARLOTTE SLAVITT, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

George Garkus, after waiving a jury, was tried in the criminal court of Cook county and convicted of larceny of a motor vehicle and sentenced to the penitentiary. He has sued out this writ of error to review that judgment.

Paul H. Purnell parked his Ford coupe in the vicinity of Haddon and Campbell streets, in Chicago, about 9:00 P. M. on December 16, 1933. He left the automobile unlocked, with the keys inside. Upon his return fifteen minutes later the car was gone. The theft was promptly reported to the police, and two days later, at a police station, Purnell identified the automobile and its keys as his property. It had been discovered by police officers Klonowski and Otto at 12:40 o'clock in the morning of December 18, in front of a pool-room at 1941 Division street. The officers checked the license and found it identical with one of a list of stolen cars for which they were searching. After verifying the license number with the down-town office and learning that the car was still reported stolen, Klonowski raised the hood to look at the motor number while officer Otto stood in a hallway next

door to the entrance of the pool-room. At this juncture Garkus walked out of the pool-room with keys in his hand and approached to within about ten feet of the automobile, when he saw officer Otto. He immediately turned around and went back into the pool-room. The two officers followed closely behind him, and when he entered the pool-room, Klonowski, then two feet away, saw him throw the keys in the display window, behind a curtain. As Klonowski grabbed Garkus officer Otto searched behind the curtain of the display window and found the keys. After trying the keys in the Ford and finding that they unlocked both the door and the ignition, the officer arrested Garkus and took him to the police station. At first he denied throwing the keys in the display window, but two hours later, according to the police, he admitted that he had thrown the keys there, saying that they had been given to him by a friend whose identity he would not disclose.

At the trial Garkus denied knowing anything about the automobile in question and denied having possession of the keys at any time. His defense was an alibi, wherein he claimed that he was at the home of his sweetheart, Miss Marie Lupach, from 7:00 o'clock until midnight on December 16, during which time the car was stolen. He denied coming out of the pool-room with the keys in his hand, but stated that on the night of his arrest he came out of the pool-room to see if a street car was coming, and observing none, returned. His alibi testimony was corroborated by Miss Lupach and another girl friend as to his whereabouts from 7:00 o'clock until midnight on December 16. One other witness testified that he saw Garkus leave the pool-room to see if a street car was coming, and that when Garkus returned witness did not see him throw anything into the window.

It is first contended that the indictment, in describing the property stolen as "a motor vehicle, to-wit, an auto-

mobile, the personal property and goods of Paul H. Purnell," failed to describe the property with such certainty as to enable Garkus to plead the judgment in bar of another prosecution for the same offense. We believe there is little merit in this contention, but, aside from this, Garkus is not in position to make an issue of it. The record shows that he failed to make a motion to quash the indictment, and that his motions for a new trial and in arrest of judgment were made without setting forth the particular ground now relied upon. Under these circumstances he cannot now complain of the alleged insufficient description of the property taken, as set forth in the indictment. *People* v. *Glassberg,* 326 Ill. 379; *Young* v. *People,* 193 id. 236.

The indictment in this case contained two counts, the first charging larceny ·and the second charging Garkus with receiving and aiding in concealing a certain automobile, etc. It is insisted that there is nothing in the general verdict finding Garkus guilty which responds to the issues, apprising him of the crime for which he was sentenced and constituting a legal bar to a second prosecution upon one or both of the counts. The finding of the court and the judgment and sentence appear in the common law record, which recited: "The court finds the defendant, George Garkus, guilty of larceny of a motor vehicle." The judgment and sentence responded to the finding and all are properly a part of the judgment roll. (*People* v. *Munday,* 293 Ill. 191.) There was no conflict between the bill of exceptions and the common law record. The statement in the bill of exceptions is "a finding of guilty." Since there is no conflict between the record and the bill of exceptions it must be treated as a general finding of guilty upon both counts, which would sustain the judgment of larceny of a motor vehicle. (*Armstrong* v. *People,* 37 Ill. 459.) Even if it could be said that there

is conflict between the record and the bill of exceptions, the record will prevail as to all matters shown and properly appearing therein, (*People* v. *Kuhn,* 291 Ill. 154; *Niehoff* v. *People,* 171 id. 243;) and will be taken as conclusive as against statements appearing in the bill of exceptions.

As Garkus was not seen in the actual and exclusive possession of the automobile but was first seen ten feet away from it with keys to the car in his hand, it is argued that these circumstances were not sufficient, in view of his other testimony, to establish his guilt beyond a reasonable doubt. In this connection it is argued that Garkus would not have thrown the keys away directly under the eyes of the officers, and that the proof relied upon by the People is circumstantial. It is not denied that the automobile discovered in front of the pool-room was stolen two days before it was recovered, and it is admitted that Garkus was seen by the officers on the sidewalk within a short distance of the car. The testimony of both officers is not seriously contradicted that Garkus had the keys in his hand, that he immediately changed his course when he saw one of them and returned to the pool-room, and that upon entering the door he threw the keys behind a curtain in the display window. All of the attending circumstances reflect the truth of their testimony. It is admitted that the officers had not previously been in the pool-room that night. If they had not seen Garkus throw the keys behind a curtain in the window as he entered, it is apparent that they would have had no means of knowing that the keys, which unlocked the recently discovered stolen car, were concealed in such an unusual place. It frequently happens that when a person is caught with property in his possession which may lead to his prosecution on a criminal charge he attempts to destroy, conceal or quickly throw the article away to avoid arrest. This must have been the motive which prompted Garkus to throw

the keys away while the officers were closely watching and following him. Under these circumstances it is not surprising that his explanation, together with his alibi evidence, failed to create a reasonable doubt of his guilt in the mind of the trial judge. We have held that circumstantial evidence is legal evidence, and where it is strong and convincing in character it is sufficient on which to base a conviction. (*People* v. *Hart,* 323 Ill. 61.) There is no legal distinction, so far as its weight and effect are concerned, between direct and circumstantial evidence. (*People* v. *Buskievich,* 330 Ill. 532.) In a prosecution for larceny, if the defendant's possession of the stolen property is soon after the commission of the crime and is unexplained, and the *corpus delicti* is proved beyond a reasonable doubt, a presumption of fact arises as to his guilt. (*People* v. *Sturdyvin,* 306 Ill. 138.) In this case the *corpus delicti* was proved beyond a reasonable doubt, and the evidence showed that Garkus had possession of the keys fitting the stolen automobile and had approached to within ten feet of it with the keys in his hand as if to enter it. This fact and the other evidence, taken in connection with his failure to make any reasonable explanation of his actions, were sufficient to establish his guilt. Thus, we held in *People* v. *Surace,* 295 Ill. 604, that possession of a recently stolen automobile, where not explained in a manner sufficient to raise a reasonable doubt, is *prima facie* evidence of guilt of larceny, and where the stolen automobile is concealed in a private garage, a person who is arrested with the key to the garage in his possession is sufficiently shown to be in possession of the garage and the stolen car. Whether the alibi evidence of Garkus or his explanation of the other circumstances involving him with the theft created a reasonable doubt of his guilt was a question primarily for the trial court to determine from its examination of all the evidence, and unless its conclusion is clearly wrong this court will not

reverse its judgment. (*People* v. *Brown*, 325 Ill. 307; *People* v. *Lehner*, 335 id. 424.) Under the facts disclosed in the record we are not prepared to say that the trial court erred or that its conclusion of guilt was wrong.

The judgment is therefore affirmed.

*Judgment affirmed.*