(No. 28814.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HANS ZIMMERMAN, Plaintiff in Error.

*Opinion filed November 21, 1945.*

R. W. Marrow, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, and Melvin Starkel Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Murphy delivered the opinion of the court:

An information containing four counts, filed in the county court of Cook county, charged plaintiff in error with the violation of the Medical Practice Act. It concluded with the allegation that the infractions stated in the several counts were violations of section 24. (Ill. Rev. Stat. 1943, chap. 91, par. 16i, sec. 24.) Plaintiff in error's motion to quash the information on the ground that the act was unconstitutional was overruled. No evidence was offered on behalf of plaintiff in error on the hearing. He was adjudged guilty and a fine of $100 imposed. He has sued a writ of error out of this court to review the record of his conviction. The only errors assigned are as to the constitutionality of the act.

The first assignment of error is that the Medical Practice Act violates section 13 of article IV of the constitution in that it embraces more than one subject. The title of

the act is "An Act to revise the law in relation to the practice of the treatment of human ailments for the better protection of the public health and to prescribe penalties for the violation thereof." The contention is made that the sections of the act which regulate the practice of midwifery deal with a subject other than the "treatment of human ailments for the better protection of the public health." It is universally recognized that unsanitary and improper methods employed by those engaged in the practice of midwifery are often followed with serious results to the health of the mother and child. The regulations provided in the act are for the protection of health and within the title of the act. The constitutional question pleaded does not furnish the semblance of a debatable issue.

Plaintiff in error contends that the act violates the due-process clause of the constitution in that it forbids the doing of certain things which are not the subject of regulation. He refers to section 2 which provides that no person shall engage in the practice of medicine or midwifery without being licensed as provided by statute. Emphasis is placed upon the designation "no person" and from this it is argued that such an all-inclusive term would prohibit anyone who was not licensed from ministering simple home remedies to minor ailments. Section 2 must be considered in the light of the other sections of the act and the purposes sought to be accomplished by the enactment of the whole act. When so considered, the contention made appears frivolous. Plaintiff in error was convicted for violation of section 24. It specifies the elements of the offense, a part of which is a holding out to the public as being engaged in the diagnosis or treatment of ailments of human beings, the suggesting, recommending or prescribing treatment for relief of ailments, all with the intention of receiving either directly or indirectly a fee or reward therefor. It is clear the act is not subject to the criticism directed against it. A question similar to the

one plaintiff in error now makes was considered in *People ex rel. Dyer* v. *Walsh,* 346 Ill. 52, and decided adversely to the contentions now made. It was said in the *Walsh case* that ".The right to pursue a lawful calling, business or profession cannot be arbitrarily taken away, but there is no arbitrary deprivation of such right where its exercise is not permitted because of a failure to comply with conditions imposed by the State for the protection of society. * * * The Medical Practice Act only requires that whoever assumes, by offering to the community his services for the treatment of human ailments, that he possesses the necessary qualifications of learning and skill, shall present evidence of it by a license from a body designated by the State as competent to judge of his qualifications."

Plaintiff in error further contends that the act is vague and meaningless and directs an administrative board to do certain things without furnishing a standard for its guidance. Attention is directed to that part of section 3 which provides that no person, subject to certain exceptions, shall hereafter receive a license unless he shall pass an examination, etc., satisfactory to the department, and to section 4, which requires each applicant for license to submit certain proof under oath "satisfactory to the Department." Similar criticism is directed to the discretion vested in the board in sections 5, 6, 7, 8, 9, 10, 12, 13, 14 and 16. These and similar objections have been considered and decided adversely to plaintiff in error's contentions in *People* v. *Walsh,* 346 Ill. 52, *People* v. *Hawkinson,* 324 Ill. 285, and *People* v. *Witte,* 315 Ill. 282.

The validity of the Medical Practice Act has been sustained against attack from various angles. Cases, other than those previously cited, where it has been held valid are *People* v. *Walder,* 317 Ill. 524, and *People* v. *McGinley,* 329 Ill. 173.

The judgment is affirmed.

*Judgment affirmed.*