People of the State of Illinois, Defendant in Error, v. Kenneth T. Starr (Impleaded), Plaintiff in Error.

Gen. No. 49,570.

First District, First Division.

July 6, 1964.

■■■■■■

Ward S. Swalwell and Richard H. Devine, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

The defendant, Kenneth T. Starr, was indicted for the burglary of the store of Victor Fultyn with intent to commit a theft. He was tried by the court without a jury, found guilty, and sentenced to the penitentiary for a period of not less than two nor more than six years.

He appeals on the grounds that the indictment was fatally defective because it did not state the address of the premises burglarized and that he was not sufficiently apprised of the charge against him.

Defendant relies solely on the case of People v. Williams, 30 Ill2d 125, 196 NE2d 483 (1964). There the question of the sufficiency of the indictment in failing to allege the address of the property burglarized was raised before trial by a motion to quash. The lower court sustained the motion and the Supreme Court affirmed the ruling, saying, on page 127: "Cases like People v. Garkus, 358 Ill 106, 192 NE 653, and People v. Jackson, 23 Ill2d 475, 179 NE2d 9, in which the alleged defect was not raised by motion to quash or motion in arrest of judgment or was waived by a plea of guilty, are therefore not in point."

■■ Failure to allege the address of the premises burglarized is a defect that may be raised before trial in a motion to quash. Nevertheless, it may be waived if not raised since it is not jurisdictional. People v. Jackson, 23 Ill2d 475, 179 NE2d 9 (1961).

■ In the case at bar, defendant filed no motion to quash, proceeded to trial, and after conviction made oral motions for new trial and in arrest of judgment. The particular grounds relied upon in this appeal were not argued in his post trial motions. In People v. Garkus, 358 Ill 106, 109, 192 NE 653 (1934), the court said: "The records show that he failed to make motion to quash the indictment, and that his motions for a new trial and in arrest of judgment were made without setting forth the particular ground now relied upon. Under these circumstances he cannot now complain of the alleged insufficient description of the property taken as set forth in the indictment. . . ."

■ The purpose of the constitutional guaranty that a person charged with a criminal offense have the right to demand the nature of the cause of the accusation against him (Ill Const art II, sec 9), is to secure to the accused such specific description of the offense as will enable him to fully prepare for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. People v. Beeftink, 21 Ill2d 282 (1961); People v. Peters, 10 Ill2d 577, 141 NE2d 9 (1957).

■ The record before us discloses that the defendant proceeded to trial and was fully aware of the exact nature of the charge against him. If he is again accused of the same charge, on a plea of double jeopardy he has the right to introduce the record or parol evidence to establish this defense. People v. Jankowski, 391 Ill 298, 302, 63 NE2d 362 (1945); People v. Brady, 272 Ill 401, 409, 112 NE 126 (1916); People v. Hawkinson, 324 Ill 285, 288, 155 NE 318 (1927).

No error having been committed, the conviction is affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.