**People of the State of Illinois, Defendant in Error, v. Robert Cowart, Plaintiff in Error.**

**Gen. No. 49,350.**

First District, First Division.

July 27, 1964.

Harry J. Busch and Robert W. Heinze, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Robert Cowart, was charged with committing the offense of deceptive practices in vio-

lation of chapter 38, paragraph 17–1 of the Illinois Revised Statutes. Specifically, the complaint charged the defendant "with intent to pay for labor of another, to wit, Elbert Saint, issue and deliver a certain bank check dated February 15, 1962, drawn on the Calumet National Bank of Hammond, Indiana, payable to Elbert Saint, and in the amount of $150 and signed as maker, Robert Cowart, knowing that it would not be paid by the depositary." After a bench trial before a Police Magistrate of Calumet City, he was found guilty and sentenced to a term of (1) year confinement in the County Jail of Cook County.

The defendant seeks a reversal on the grounds that the trial court failed to advise him of his right to a trial by jury and that he was entitled to be represented by counsel appointed by the court.

█ The State filed a motion to dismiss the writ of error on the theory that when the writ was filed the Police Magistrate's Court was not a court of record, and the defendant's only remedy was to request a trial de novo in the Circuit Court of Cook County, Criminal Division. We dismissed the motion without giving any reason. The new judicial article now provides that appeals from Magistrates lie directly to the Appellate Courts. While the trial took place before the adoption of this new requirement it is a procedural change and our Supreme Court has held that amendments or newly enacted laws of this nature are applicable even though the offense and the trial occurred prior to the legislative action. People v. Wright, 30 Ill2d 519, 198 NE2d 316; People v. Mackey, 30 Ill 2d 190, 195 NE2d 636; People v. Johnson, 23 Ill2d 465, 178 NE2d 878.

The defendant entered a plea of not guilty after being advised by the court of his right to be represented by counsel and the proceedings commenced without appointment of counsel by the court. The

389

defendant maintains that the judgment of the trial court must be reversed since there is no affirmative showing in the record that the defendant expressly and understandingly waived his right to a jury trial. The State argues that, "the omission from the 'record' before this court of a warning of the right of trial by jury may be no more than oversight on the part of the police magistrate who certified the 'transcript' of proceedings in his court—which 'transcript' is the only record on this appeal."

A trial by jury in a criminal case is absolute unless specifically waived and the defendant has been properly and adequately informed of his rights. People ex rel. Swanson v. Fisher, 340 Ill 250, 172 NE 722. The Appellate Court in People v. Ryan, 259 Ill App 536, a case we consider applicable here, said, "In the instant case there was no waiver of a jury trial by the defendant, and under the holding in the Fisher case we are of the opinion that a waiver of a jury trial in a criminal case must affirmatively appear, and it must further appear that the waiver was expressly and understandingly made. Since the record fails to show that defendant waived a trial by jury, the judgment of the Municipal Court of Chicago must be reversed." (at page 529) We feel that any inconvenience to the State in a reprosecution of this cause is a small price to pay for the assurance that the accused has been accorded his essential right to a trial by jury.

Since the matter must be retried we assume that if the defendant is without counsel the trial judge or magistrate will appoint a counsel for him. The judgment in the Police Magistrate's Court of Calumet City is therefore reversed and the cause is remanded for new trial.

Reversed and remanded.

MURPHY, P. J. and KLUCZYNSKI, J., concur.