People of the State of Illinois, Appellee, v. Arthur Bremer, Appellant.

Gen. No. 50,087.

First District, First Division.

April 12, 1965.

Douglas M. Reimer, of Chicago, for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney, of Chicago, Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, Elmer C. Kissane and Joseph V. Roddy, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Arthur Bremer and Stanley Gracios were tried together in a bench trial for burglary. Both defendants were convicted and sentenced to imprisonment in the Illinois State Penitentiary for a term of one to ten years. Bremer petitioned for and the Supreme Court granted a writ of error. Subsequently, the appeal was transferred to this Court. In his appeal, the defendant contends that the indictment was defective; that improper evidence was heard by the court; and that his guilt was not established beyond a reasonable doubt.

Since no evidence was presented on behalf of the defense, the facts are not in dispute. Phillip H. Foetisch, the only eyewitness to the crime, testified that at about 4:00 on the morning of August 24, 1961, as he was driving east on 95th Street, he heard glass falling out of the front store window of Jordan's Television which was located at 4819 West 95th Street in the Village of Oak Lawn. He saw a man remove a television set from a stand in the broken window and place the set in a car where another man was sitting at the wheel. As the two men drove away heading east on 95th Street, Foetisch noted the car's license number, wrote it down and called the police to inform them of the burglary and to give them the license number. Foetisch testified that he could identify neither of the two men in the car. Stanley C. Dawson, who, with his brother Norval W. Dawson owned Jordan's Television, testified that on the morning in question he was notified by the police of the burglary and found that the front window of his store had been broken and that a new television set, valued at $160, was missing. By comparing the serial number on the television set, which was introduced as People's exhibit No. 1, with the serial number on his business inventory card for the missing set, Dawson identified the exhibit as the set which was taken from his store.

The Chicago police officer assigned to investigate this occurrence, Lawrence Ferenzi, testified that he traced the auto license number given the police by Foetisch and found that the car was registered in the name of Lottie Gracios at 3224 West 23rd Street. He went to that address where he found and spoke to Mrs. Rose Bembenek. After this conversation, Officer Ferenzi said that he went to the home of Lottie Gracios and because of information he received there he returned to the previously mentioned address on 23rd Street where he recovered the television set from

Mrs. Bembenek at about 1:00 on the afternoon of the day in question. The Officer identified the People's exhibit No. 1 as the television set which he thus recovered. From information which he received from Mrs. Bembenek, the Officer proceeded to the vicinity of 43rd Street and Hermitage where he found Bremer, Gracios, and the latter's brother seated in an automobile which was the same as that which Foetisch said was used in the burglary. The Officer arrested Bremer and Gracios.

At police headquarters, the defendants were questioned about the burglary by Officer Ferenzi. Initially the defendants were questioned in each other's presence. At this time, both denied knowing anything about the stolen television set. Gracios stated that he and Bremer "had been out at Lottie Gracios' house all evening." Gracios was then questioned out of the presence of Bremer. Officer Ferenzi said that during this interrogation, Gracios said that he had been with Bremer on the morning of the day in question; that they went to Lottie Gracios' house; that Bremer asked to borrow Gracios' car and did so; and that Bremer returned one or two hours later with a television set, whereupon Gracios asked him why he took the set. Gracios then told Bremer that they should get rid of it and hence they took it to Mrs. Bembenek's house. Officer Ferenzi said that after this session of questioning, he had Gracios confront Bremer with his story whereupon Bremer denied that he borrowed the car and said that he had never driven a car in his life and that he had no driver's license. Bremer also told the Officer that he had been with Gracios all the time on the morning in question. Gracios admitted owning the car and having control of it on the night in question. The defendant did not make any objection to the Officer's testimony concerning what the codefendant, Gracios, told him.

439

The defendant first contends that the indictment charging him with burglary was defective and void. The language of the indictment which is relevant to the issue thus raised is as follows:

> The Grand Jurors . . . present that one . . . Arthur Walter Bremer . . . on the twenty-fourth day of August, [1961], in said County of Cook . . . broke and entered a certain building, to-wit: store of Norval W. Dawson and Stanley Dawson, co-partners, there situate . . . and stole . . . one television of the value of [$160] . . . of the personal goods . . . of said Norval W. Dawson and said Stanley Dawson, co-partners. . . .

The defendant charges that the premises in question were not properly described in the indictment because the indictment does not contain the name by which the store is known, that is, Jordan Television Sales and Service; moreover, the defendant charges that the address of the store is not given; hence the defendant concludes that the indictment failed to advise him of the essential particulars of the crime of which he was accused.

 The record reveals that the defendant proceeded to trial without making a motion to quash the indictment and did not subsequently move to arrest judgment on the grounds raised here. We believe that his failure to do these things bars the defendant from raising the issue on this appeal. A motion to quash an indictment must be made before trial in order to challenge a defect in an indictment where the defect is not jurisdictional, but is only a mere irregularity. People v. Novotny, 371 Ill 58, 20 NE2d 34. Otherwise, the objection is waived and cannot be raised on appeal. People v. Jackson, 23 Ill2d 475, 179 NE2d 9; People v. Garkus, 358 Ill 106, 192 NE 653. This court has held that failure to allege the address of the burglarized

440

premises is not a jurisdictional defect in an indictment and hence it must be raised before trial by a motion to quash or otherwise it is waived. People v. Starr, 50 Ill App2d 399, 200 NE2d 118; People v. King, 50 Ill App2d 421, 200 NE2d 411. It is clear in the instant case that the grounds for the alleged error were not raised in apt time by a motion to quash and hence they cannot be raised in this appeal.

■ The defendant relies on People v. Williams, 30 Ill2d 125, 196 NE2d 483, but we believe that case is inapplicable here. In that case a motion to quash was made at the proper time and on appeal the Supreme Court specifically distinguished those cases in which no such motion was made. Furthermore, the court in Williams held that persons charged with criminal offenses have a constitutional right to demand the nature and cause of the accusation against them; the court said that the purposes of this guaranty are, first, to enable the accused to fully prepare his defense and second, to permit him to plead the judgment in bar of a subsequent prosecution for the same offense. In the case at bar, neither of these purposes is applicable. It is clear from the fact that the defendant did conduct his defense on the merits that he was fully aware of the exact nature of the charges against him. Moreover, the defendant is in no danger of double jeopardy since the address of the burglarized premises is in the record which may be introduced as parole evidence in a subsequent prosecution in order to establish his defense of prior jeopardy. People v. King, 50 Ill App2d 421, 200 NE2d 411, and cases there cited.

■ The defendant next contends that it was error to admit the testimony of Officer Ferenzi regarding certain accusatory statements made by Gracios outside of Bremer's presence and certain other accusatory statements by Gracios, which were made in Bremer's presence, but which Bremer denied. The defendant

441

argues that these statements were hearsay and do not fall within the implied admission exception to the hearsay rule. However, since the defendant made no objection at trial to the admission of this testimony, the objection cannot be raised for the first time on review. People v. Songer, 28 Ill2d 433, 192 NE2d 861. The cases cited by the defendant do not require this court to consider the defendant's objection in the absence of a proper and timely objection made at trial.

■■ Finally the defendant contends that the properly admitted evidence does not prove his guilt beyond a reasonable doubt. He argues that there is no direct evidence connecting him with the burglary because he was not identified by the witness to the crime, because the stolen property was not found in his possession and because the automobile used in the burglary did not belong to him. As the defendant points out, it is basic that if, after due consideration, we are of the opinion that the defendant's guilt was not established beyond a reasonable doubt, it is our duty to reverse his conviction. People v. Butler, 28 Ill2d 88, 190 NE2d 800. It is also well established that a conviction of burglary can be sustained upon circumstantial evidence. People v. Brown, 27 Ill2d 23, 187 NE2d 728.

■ We have carefully examined the record and have concluded that the trial judge could find the defendant guilty beyond a reasonable doubt. The evidence shows that a burglary was committed as charged; that a television set was stolen; that two men committed the crime and fled in an automobile, the ownership of which was traced to Lottie Gracios. The evidence shows that shortly after the burglary, the television set was recovered by the police in the home of the codefendant's sister, Mrs. Bembenek. From information received from Mrs. Bembenek, the police,

442

shortly after the burglary, found the defendant and Gracios in the automobile used in the burglary. The defendant admitted to the police that he was with Gracios all during the night in question. Gracios admitted that he was the owner of the car and had control of it during the time in question.

People v. Anderson, 30 Ill2d 413, 197 NE2d 24, on which the defendant relies, is not as strong a circumstantial case for burglary as the case at bar. In Anderson, the court, finding no direct evidence linking the defendant with the crime, reversed a conviction of burglary primarily because all the incriminating facts could easily be explained consistent with the defendant's innocence. In that case the defendant's presence in the immediate vicinity of the burglarized premises at the time of the crime was explained by the fact that the defendant lived near these premises. It was shown that the defendant, who was unemployed at the time, spent a quantity of money in change at a tavern on the same night that the premises near the tavern were burglarized of $20 in small change. The defendant explained his affluence by the fact that he had been given some money, borrowed other money and won a sum of money in small change in a card game. The gift and the loan were verified by the donor and the lender, respectively, and the court found that the defendant's testimony that he won money in a card game was not contradicted or impeached. Finally, though the defendant admitted asking a friend on two occasions if he knew where any money was kept which they could get, he said that in so asking he was only joking or kidding. Moreover, the friend testified that the defendant had never mentioned the burglarized premises.

Because we believe that the trial court, in the instant case, could find the defendant guilty beyond a reason-

able doubt and because there were no errors in the trial, the judgment of the Criminal Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.