(No. 39382.—)

MICHAEL H. SHEEDY, Appellant, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.*, Appellees.

*Opinion filed Nov. 19, 1965.—Rehearing denied Jan. 24, 1966.*

SAM S. PESSIN, of Belleville, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, Assistant Attorney General, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Michael H. Sheedy, a chiropractor licensed in the State of Arkansas, applied for an Illinois license on the basis of reciprocity. The Department of Registration and Education refused to grant it, and on administrative review in the circuit court of Sangamon County the decision was confirmed. He appeals directly to this court, challenging the validity of the statute involved .

The applicant was graduated from the Palmer College of Chiropractic on June 28, 1957, a few months before that school became accredited in this State. On three occasions thereafter he took and failed the Illinois written examination. Section 13 of the Medical Practice Act prescribes the conditions upon which persons licensed in other States may obtain a license in Illinois. It provides, *inter alia,* that "Under no circumstances shall a license be issued under the provisions of this Section to any person who has previously taken and failed the written examination conducted by the Department for such license." Ill. Rev. Stat. 1963, chap. 91, par. 14.

Plaintiff contends that this unlawfully discriminates between such persons and others who have never taken the Illinois examination. He says it is arbitrary to refuse him a license when others from the same State of Arkansas can obtain one on the basis of reciprocity without even having taken an Illinois examination. We cannot accept the argument. To establish invalidity more is required than a mere assertion that the statute is arbitrary and discriminatory. Some explanation or reason should be supplied why it cannot be upheld as reasonable. It is well established that the passing of an examination is a legitimate basis of classifica-

tion (*Chatkin* v. *University of Illinois,* 411 Ill. 105) and no reason appears why the failing of an examination is not equally valid as a basis. It is apparent from the provisions of section 13 that the purpose of the legislature is to prevent persons who cannot pass the Illinois examination from becoming licensed in another State and then applying in Illinois on a basis of reciprocity.

The legislature could reasonably infer that foreign applicants who have never taken the Illinois examination are at least presumptively qualified, or are less likely to be employing reciprocity provisions merely as an alternative method of becoming licensed in this State. In any event the legislature is not bound to extend its regulation to all cases which it might possibly reach. It may confine its restrictions to those classes where the need is deemed to be the clearest. (*Thillens, Inc.* v. *Morey,* 11 Ill.2d 579.) The distinction is predicated upon a valid ground since the assurance of competency afforded by the foreign license is not present where the applicant has taken and failed the Illinois examination. The difference in treatment is based on a reasonable belief that this assurance does not exist to a sufficient degree in the excluded applicants and we cannot say the legislature acted arbitrarily or unreasonably in excluding them. *Cf. Chatkin* v. *University of Illinois,* 411 Ill. 105; *People* v. *Walder,* 317 Ill. 524.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*