(No. 37240.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* JOHN WILLIAMS *et al.,* Defendants in Error.

*Opinion filed Nov. 26, 1963.—Modified on denial of rehearing Jan. 22, 1964.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

WAYNE D. JOHNSON and R. MARLIN SMITH, both of Chicago, appointed by the court, for defendants in error.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The grand jury for the criminal court of Cook County returned an indictment against John Williams and Robert Boney charging them with the crime of attempted burglary. The trial court entered an order quashing the indictment and the People have brought the case here to review that order.

The indictment charged that the defendants, in the county of Cook, attempted to break and enter "a certain building, to-wit: factory of Jacob Vondrecek there situate", with intent to steal Vondrecek's property. The trial court ruled that the indictment was defective by reason of its failure to give a more specific location of the building.

Persons charged with criminal offenses have a constitutional right to demand the nature and cause of the accusation against them. (Ill. Const., art. II, sec. 9.) The purpose of this guaranty is to secure to the accused such specific description of the offense as will enable him to fully prepare for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. *People* v. *Beeftink,* 21 Ill.2d 282; *People* v. *Peters,* 10 Ill.2d 577.

In this case the question of the sufficiency of the indictment was raised before trial by a motion to quash. So far as we are aware, it is the first case in this court in which the question has been presented in this way. Cases like *People* v. *Garkus,* 358 Ill. 406, and *People* v. *Jackson,* 23 Ill.2d 475, in which the alleged defect was not raised by motion to quash or motion in arrest of judgment, or was waived by a plea of guilty, are therefore not in point. In other cases cited by the People where we held that the indictment was sufficient, the issue was the ownership of the building, rather than its location. Cf. *People* v. *Furman,* 26 Ill.2d 334; *People* v. *Lymore,* 25 Ill.2d 305; *People* v. *Evans,* 24 Ill.2d 11.

We take judicial notice of the fact that Cook County is largely a metropolitan community having an area of 954 square miles, a population in excess of 5,000,000, and containing hundreds of factory buildings. The charge that the defendants attempted to break and enter a factory building owned by Joseph Vondrecek in that county without giving a street address or a more specific location in the county, does not give the defendants sufficient information to enable them to prepare their defense. The State claims that if the defendants needed the address of the building in order to prepare their defense, they should have requested a bill of particulars. A short answer to this contention is contained in *People* v. *Flynn,* 375 Ill. 366, where we held that a defective indictment cannot be helped by a bill of particulars.

We are of the opinion that the indictment was insufficient and the order of the criminal court of Cook County quashing the indictment is affirmed.

*Order affirmed.*