**The People of the State of Illinois, Plaintiff-Appellee, v. Junior Lee Blanchett, Defendant-Appellant.**

**Gen. No. 10,569.**

Fourth District.

February 1, 1965.

Robert J. Bier, of Quincy, for appellant.

Donald G. Adams, State's Attorney, and William A. Brown, Assistant State's Attorney, both of Quincy, for appellee.

CRAVEN, J.

The Defendant, Junior Lee Blanchett, having waived indictment and trial by jury, was convicted and found guilty by the Circuit Court of Adams County on an information charging him with armed robbery. The motion in arrest of judgment by the Defendant was overruled and the Defendant was sentenced to the State Penitentiary for a period of not less than two nor more than five years. This is an appeal from that judgment.

The Defendant contends that the information is lacking in substantial allegations required by sec 111–3 of ch 38, Ill Rev Stats 1963, and further that the evidence does not prove him guilty beyond a reasonable doubt. Both of these contentions were set forth in the Defendant's motion in arrest of judgment.

A consideration of the first contention by the Defendant does not necessitate a recitation of the facts nor a weighing of the evidence. The information, so far as here applicable, charged that on January 15,

1964, Junior Lee Blanchett "at and within the County of Adams, in the State of Illinois, did commit armed robbery."

Sec 111–3 of ch 38, Ill Rev Stats 1963, provides in part:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
>> (1) Stating the name of the offense;
>> (2) Citing the statutory provisions alleged to have been violated;
>> (3) Setting forth the nature and elements of the offense charged;
>> (4) *Stating the time and place of the offense as definitely as can be done;* and
>> (5) Stating the name of the accused . . ."

The issue in this case, simply stated, is whether the quoted language of the information complies with the statutory requirement set forth at No. (4) above.

The case of People v. Williams, 30 Ill2d 125, 196 NE2d 483, considered the sufficiency of an indictment wherein the Defendant allegedly attempted to break and enter a building in Cook County described in the indictment as ". . . 'a certain building, to wit: factory of Jacob Vondracek there situate' . . ." The Court held the indictment was insufficient to define the nature and cause of the accusation under the provisions of Sec 9, art II of the Illinois Constitution. In reaching the conclusion there stated, the Court took judicial notice of the metropolitan and industrial character of Cook County.

 The question here, however, is not the sufficiency of this information under the provisions of the constitution considered in the Williams case. That constitutional provision has as its purpose the giving

of information to the Defendant so that he will know the nature of the accusation against him and will be able to fully prepare his defense and to plead the judgment in bar of a subsequent prosecution for the same offense.

The statutory provision here under consideration, however, is more than the constitutional requirement of Sec 9, art 2. Thus, we are not faced with the question of whether the information meets the broad substantive requirements of the constitution but whether it complies with the express requirements of the statute.

■ No distinction need be made between urban or rural areas. The statute here under consideration is not a mere requirement of notice pleading nor the same as Sec 9, art 2 of the constitution. Rather, this provision of the Criminal Code requires the stating of the time and place of the offense as definitely as can be done. This is made a substantial requirement of the statement of the offense and is uniform in application regardless of rural or urban areas.

The proof showed that the victim was robbed at his place of residence, 937½ Maine Street, Quincy, Illinois. The People do not deny knowledge of the exact place of the alleged offense, but rather contend that they are not required to plead this fact to state a valid charge.

■ We cannot ignore or attempt to judicially interpret this statute to mean something other than what it states in clear terms. The information did not state the time and place of the offense as definitely as could be done and, therefore, did not meet the requirements of Sec 111–3 of ch 38, Ill Rev Stats 1963.

It is next contended by the People that the Defendant waived his objection to the sufficiency of the in-

dictment by proceeding to trial and failing to assert his objection in a motion to dismiss as provided for in Ill Rev Stat 1963, ch 38, sec 114–1. This section provides:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

. . . . . .

"(8) The charge does not state an offense;

. . . . . .

"(b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived."

█ It is apparent that one of the grounds expressly not waived is (a)(8). "The charge does not state an offense." This is the very grounds asserted in the Defendant's motion in arrest. Also see Ill Rev Stats 1963, c 38, § 116–2, and People v. Pronger, 48 Ill App2d 477, 199 NE2d 239. With regard to the effect and timeliness of such motion, the People assert that this is a matter which could be discovered through a bill of particulars provided for in Ill Rev Stats 1963, ch 38, sec 111–6. The provision for a bill of particulars begins:

"When an indictment, information or complaint *charges an offense* in accordance with the provisions of Section 111–3 of this Code . . ." (Emphasis added.)

The fact remains that the information did not charge an offense in accordance with Sec 111–3 and, thus, a bill of particulars is inappropriate. See also People v. Flynn, 375 Ill 366, 371, 31 NE2d 591.

The legislature has made pleading time and place as definitely as can be done a substantive requirement to charge an offense and the sufficiency of each indictment, information or complaint will be determined according to that standard.

No other error assigned need be resolved for disposition of this matter. Therefore, for the reasons stated, the conviction, judgment and sentence entered by the Circuit Court of Adams County is hereby reversed.

Reversed.

SMITH, P. J. and TRAPP, J., concur.