People of the State of Illinois, Defendant in Error, v. Bernie A. Ilg, Plaintiff in Error.

Gen. No. 49,987.

First District, Second Division.

April 27, 1965.

John L. White, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order denying a petition in the nature of a writ of coram nobis entered on July 31, 1964.

Defendant, Bernie A. Ilg, was arrested in the vicinity of North Avenue and Austin Boulevard in the City of Chicago on January 22, 1964. When arrested, he was given a summons in the form of a traffic citation charging him with "driving under the influence." The summons was labeled "Notice to Appear—Copy of Complaint." In the lower left hand corner of the ticket was printed: "You are further notified that the officer whose signature appears hereon will file a sworn complaint in this court charging you with the offense set forth above." On the "Notice to Appear—Copy of Complaint" appeared the statement, "did then and there unlawfully violate section 47 UART—State of Illinois, By Driving Under Influence."

Admittedly filed with the First Municipal District of the Circuit Court of Cook County was an informa-

tion corresponding to the "Notice to Appear" given defendant. The information described the charge as, "did then and there unlawfully violate section 47 UART—State of Illinois, by . . . Driving a motor vehicle while under the influence of intoxicating liquor." It was subscribed, sworn to and filed before a deputy clerk on January 22, 1964. In the upper left hand corner of the information were the words: "In the name and by the authority of the People of the State of Illinois. . . ." At the end of the information were the words, ". . . against the peace and dignity of the people of the State of Illinois." Near the top of the ticket were two boxes; one preceding the phrase, "People of the State of Illinois," the other preceding the phrase, "City of Chicago, a Municipal Corporation, Plaintiff, v." Neither of the boxes were checked or designated.

Defendant was found guilty of driving under the influence of intoxicating liquor on April 1, 1964. He was fined $100 and $5 costs and his driver's license was revoked.

Defendant then filed a petition in the nature of a writ of error coram nobis, which was denied on July 31, 1964. In that petition he only raised evidentiary points and did not question the validity of the information.

On July 31, 1964, he filed a notice of appeal from the "judgment entered . . . on the 31st day of July, 1964." He did not appeal the conviction of April 1, 1964.

The sole contention advanced by defendant on appeal is that the information or complaint under which the defendant was charged, tried and convicted was void ab initio as it did not charge a crime and was not brought in the authority of the People of the State of Illinois.

At the outset, the State contends defendant may not seek review of a conviction, where appeal was not properly perfected. The State maintains that defendant filed a petition in the nature of a writ of coram nobis which was denied on July 31, 1964; that he then filed a notice of appeal from "the judgment entered . . . on the 31st day of July, 1964"; that he did not file a notice of appeal from the April 1, 1964, finding; that in the petition in the nature of a writ of coram nobis, he did not question the sufficiency and validity of the complaint, but argued only evidentiary matters; that since defendant failed to perfect his appeal from the judgment of April 1, 1964, he cannot now raise matters at issue in that trial as Supreme Court Rule 27(7)(a) states no appeals may be taken after expiration of 30 days from entry of judgment and as he filed no notice of appeal from the April 1, 1964, conviction, he cannot appeal this conviction.

■ We agree with the position taken by the State. Defendant could have perfected his appeal from the order of April 1, 1964, either by filing a notice of appeal within 30 days of the conviction or by filing a petition for leave to appeal in this court. Defendant did not comply with the prerequisites of Supreme Court Rule 27(7)(a) and thus his appeal as to the order of conviction is ineffectual. Johnson v. Cook County, 368 Ill 160, 13 NE2d 169 (1938). Walton v. Winter & Hirsch, Inc., 18 Ill App2d 540, 152 NE2d 602 (1958).

■■ Defendant contends that the State made no attempt to dismiss his appeal and thus is estopped from alleging that this court has no jurisdiction. We disagree with defendant. Failure to file a notice of appeal cannot be waived by agreement of the parties or by an estoppel arising out of the conduct of either

party. Wishard v. School Directors of Dist. No. 11, 279 Ill App 333 (1935).

■■ Defendant further contends that even if no appeal was taken from the order of April 1, 1964, this court, because an appeal was filed from the order of July 31, 1964, should review both matters. We disagree with this contention for two reasons. The first is that review of the order denying the coram nobis petition only reaches matters contained therein and the petition did not question the validity of the information. People v. Thon, 374 Ill 624, 30 NE2d 54 (1940). The second reason is that a party, upon failing to perfect his appeal within 30 days, could circumvent Supreme Court Rule 27(7)(a) by filing a petition under section 72 of the Civil Practice Act and appealing from that order as a matter of right.

■■ Finally, defendant contends that the validity of an information or indictment can be reviewed for the first time on appeal citing, People v. Fain, 30 Ill App2d 270, 173 NE2d 825 (1961). This is a correct rule of law, but it has application only when the sufficiency of the information or indictment is not raised in the trial court and not upon the failure to perfect an appeal. For the above reasons the appeal is dismissed.

Appeal dismissed.

BURKE, P. J. and BRYANT, J., concur.