People of the State of Illinois, Plaintiff-Defendant in Error, v. John Theodore Powell, Defendant-Plaintiff in Error.

Gen. No. 10,634.

Fourth District.

July 20, 1965.

Jerald E. Jackson, of Decatur, for plaintiff in error.

Basil G. Greanias, State's Attorney, of Decatur (Franklin E. Dove, Assistant State's Attorney, of counsel), for defendant in error.

CRAVEN, J.

This is an appeal from a conviction of burglary in the circuit court of Macon County. Based upon a jury verdict of guilty, the defendant, John Theodore Powell, was sentenced to a term of 5 to 20 years in the penitentiary.

The defendant alleges the following errors:

1. The indictment was defective for failure to specify the location of the offense.
2. The evidence is insufficient to establish the defendant's identity and prove felonious intent.

The facts show that on March 25, 1963, Hubert Johnson, the night watchman for Jenkins Music Co., phoned the police to report a suspected burglary. Officer Raymond King arrived on the scene shortly thereafter and together with Johnson began to search the building with flashlights. They discovered two men hiding between storage racks in the building. Both men attempted to escape. La Verne Watts was arrested in the building; the other man jumped out a window.

A short time later another officer, Harold Lindsten, apprehended the defendant in the nearby vicinity. The defendant's clothes were dirty and splattered with muddy water. The alley behind the building near the broken window was muddy.

The night watchman, Hubert Johnson, later identified the defendant at a police lineup. Johnson described the defendant to the police before the lineup as being six feet tall, no hat, with bushy hair, wearing a light tan jacket and blue denim overalls. From the testimony in the record the defendant fit this description.

240

The defendant testified he was with La Verne Watts from 9:00 a. m. till 8:00 p. m. the day of the crime. He stated that the car they were driving stalled and that Watts left the car to walk to the defendant's house. The defendant claimed he followed Watts about one-half block behind until he lost track of him near the scene of the crime. He testified he heard shouting and began to run until he was arrested by Officer Lindsten.

An earlier trial resulted in a hung jury. The identification by the State's witness, Hubert Johnson, was more positive at the second trial. Police Officer King stated he could not make a positive identification of the defendant as the person he confronted in the building along with La Verne Watts.

 The first alleged error attacks the sufficiency of the indictment under the Illinois Constitution. The pertinent part of the indictment stated:

" . . . 'unlawfully, feloniously, knowingly and without authority entered a building, then and there a building of James B. Jenkins and G. C. Jenkins d/b/a G. C. Jenkins Co., there situate, with intent then and there therein to commit theft of divers goods and chattels then and there being in said building, being then and there the property of James B. Jenkins and G. C. Jenkins, d/b/a G. C. Jenkins Co. aforesaid.' "

The applicable constitutional provision states:

"In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, . . . ." (Ill Const, art II, sec 9.)

The defendant relies upon People v. Williams, 30 Ill2d 125, 196 NE2d 483, and argues that under the

above constitutional provision an indictment is fatally defective for failure to specify an exact location. In a case directly in point the First District Appellate Court distinguished the Williams case from the situation presented here.

"The Williams case, however, is distinguishable from the case at bar in that there the objection to a defective indictment was raised by a motion to quash. In the instant case there was neither a motion to quash the indictment nor a motion in arrest of judgment. The Supreme Court itself, in Williams, recognized such a distinction at page 127 in the following terms:

"Cases like People v. Garkus, 358 Ill 406 [sic, 106], and People v. Jackson, 23 Ill2d 475, in which the alleged defect was not raised by motion to quash or motion in arrest of judgment, or was waived by a plea of guilty, are therefore not in point."

The clear intent of this statement is to point out that while the absence of the address of a burglary is a defect for which an indictment may be quashed upon motion in the trial court, nevertheless, a failure to so move will constitute a waiver of such defect since it is not jurisdictional. People v. Jackson, 23 Ill2d 475, 179 NE2d 9.

"This conclusion is further supported by the fact that neither of the two purposes specified in the Williams case for requiring the specific street address of the burglarized premises to be given in the indictment, i. e., to enable defendant to prepare his defense and to protect him from double jeopardy, are applicable here. First, the very fact that defendant did conduct his defense on the merits shows that he was fully aware of the exact nature of the charges against him. Secondly,

defendant is in no danger of double jeopardy since Ida Sims testified as to the address of the burglary and it is well established that a defendant in a subsequent prosecution may introduce the record of a former prosecution or parol evidence to establish his defense of prior jeopardy. People v. Jankowski, 391 Ill 298, 302, 63 NE2d 362; People v. Brady, 272 Ill 401, 409, 112 NE 126; People v. Hawkinson, 324 Ill 285, 288, 155 NE 318." People v. King, 50 Ill App2d 421, at 429–30, 200 NE2d 411.

The Williams case does not relate to jurisdictional defects in criminal pleading; it merely states that in certain situations the information provided in the indictment may fall short of the constitutional requirement of informing the accused of the nature and cause of the accusation and is subject to challenge on that basis in a motion to quash.

"We take judicial notice of the fact that Cook County is largely a metropolitan community having an area of 954 square miles, a population in excess of 5,000,000, and containing hundreds of factory buildings. The charge that the defendants attempted to break and enter a factory building owned by Joseph Vondrecek in that county without giving a street address or a more specific location in the county, does not give the defendants sufficient information to enable them to prepare their defense. The State claims that if the defendants needed the address of the building in order to prepare their defense, they should have requested a bill of particulars. A short answer to this contention is contained in People v. Flynn, 375 Ill 366, where we held that a defective indictment cannot be helped by a bill of particulars." People v. Williams, supra, at 127.

243

The Supreme Court in taking judicial notice of the metropolitan character of Cook County and in emphasizing the fact that the defendant asserted his objection before a plea, was affording to the defendant the constitutional protection to which he was entitled. We will not attempt to distinguish or contrast the metropolitan character of Cook County as compared to Macon County. It is sufficient to say that this record discloses that the defendant was aware of the nature and cause of the accusation, did plead not guilty and twice present a defense to this charge. If there were substance to the protection now sought the objection would have been asserted prior to conviction. This record is devoid of any showing that the defendant did not know the nature and cause of the offense or would be unable to plead this conviction as prior jeopardy to the same offense.

This indictment was returned prior to January 1, 1964, the effective date of the new Criminal Code, and sec 111-3 of ch 38, Ill Rev Stats, 1963, and therefore People v. Blanchett, 55 Ill App2d 141, 204 NE2d 173, is inapplicable. The requirements to charge an offense are specifically set out in sec 111-3 and are considerably more narrow and technical than the broad substantive protection afforded by the constitution. The provisions of sec 111-3 reflect a legislative determination to require the prosecution to state "the time and place of the offense as definitely as can be done." This requirement is jurisdictional and by statute is expressly not subject to waiver. (Ill Rev Stats 1963, c 38, § 114-1(a)(8), (b).) Our opinion in Blanchett in no way expands the judicial interpretation given the constitutional protection afforded under sec 9 of art II of the Illinois Constitution.

██ ██ If this indictment were legally insufficient and failed to set forth an essential element of the offense charged the defect would not be subject to waiver

244

(People v. Minto, 318 Ill 293, 149 NE 241; People v. Furman, 26 Ill2d 334, 186 NE2d 262); however no issue has been raised as to the legal sufficiency of the indictment in this respect. The essential elements of an offense relate to the very substance of the charge and may be challenged at any time in the same manner that the common-law demurrer in civil cases challenged the sufficiency of a complaint. This in no way relates to the constitutional protection the defendant now seeks.

█ █ Turning to the sufficiency of proof as to the defendant's identity, even if we concede that the identification by the witness Johnson, standing alone, is insufficient to submit the question to a jury, there are compelling circumstantial inferences to substantiate the identification. The defendant admittedly knew and was with La Verne Watts in the vicinity of the crime shortly before Watts was apprehended in the building, the defendant was running from the scene of the crime, his clothes were splattered with mud and water, the alley near the broken window was muddy with puddles of water, and finally the defendant fit the description given the police prior to identification in the lineup. Since there was sufficient evidence to submit the question of identity to the jury we cannot say that the jury could not find the defendant guilty beyond a reasonable doubt. People v. Nehrkorn, 305 Ill 467, 473, 137 NE 407.

█ █ The defendant's final contention is there is a complete absence of proof of felonious intent. The actions of the defendant himself are the best evidence of his state of mind, for it has been said time and again that a person is presumed to intend the natural and probable consequences of his acts voluntarily done. People v. Gilmore, 320 Ill 233, 150 NE 631, and People v. Johnson, 2 Ill2d 165, 117 NE2d 91. There is no such thing as direct evidence of intent absent an

245

admission of guilt. A person's state of mind is not subject to direct proof and a jury must infer intent from the defendant's words and actions. If the jury was warranted in concluding that the defendant was the person found with La Verne Watts in the Jenkins Music Co. building it was warranted in concluding that the entry was made with felonious intent.

After considering the alleged errors in light of this record we conclude that the judgment and conviction should be affirmed.

Affirmed.

SMITH, P. J. and TRAPP, J., concur.