(No. 40263.—

The People of the State of Illinois, Appellee, *vs.* Albert Edward Nordstrom, Appellant.

*Opinion filed March 29, 1967.—Rehearing denied May 16, 1967.*

James B. Sloan, of Chicago, for appellant.

Bruno W. Stanczak, State's Attorney, of Lake County, for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

The defendant, Albert Edward Nordstrom, was indicted in the circuit court of Lake County for misbranding drugs and was tried before the court, found guilty, and judgment was entered on such finding on July 29, 1964. He was placed on probation on August 12, 1964, and on April 30, 1965, his probation was revoked. He was thereupon sentenced to the penitentiary for a term of not less than one year and six months nor more than two years. On April 30, 1965, he filed a notice of appeal to the Appellate Court for the Second District seeking to review both the original judgment of guilty and the order revoking probation.

The appellate court held that defendant had lost the right to review the original judgment by failure to file a notice of appeal within thirty days after August 12, 1964, the date probation was granted. It also affirmed the judgment of the trial court in revoking probation. (73 Ill. App. 2d 168.) Defendant has filed an appeal to this court as a matter of right on the ground that a constitutional question of defendant's right of appeal arose for the first time in the appellate court. Defendant claims that he was denied his constitutional right to review his conviction, arguing that when a period of probation intervenes, his conviction does not become a final judgment within the meaning of section 7 of article VI of the constitution of Illinois until revocation and sentencing. Defendant's contentions on this appeal involve errors alleged to have occurred in the original trial.

We must first determine if a constitutional question arose for the first time in the appellate court so as to give defendant the right of direct appeal. In support of the view that this right exists defendant relies on *Air Line Stewards and Stewardesses Ass'n v. Quinn,* 35 Ill.2d 106, where the court held that the dismissal of the appeal by the appellate court raised a question of constitutional dimension involving the denial of the constitutional right of appeal provided for in section 7 of article VI of the constitution of Illinois.

We do not believe that the decision in the *Air Line Stewards* case is determinative of the issue here. In that case the dismissal of the appeal by the appellate court was on the basis of a lack of interest on the part of appellant as a representative of a class. Under the peculiar and complicated factual background of *Air Line Stewards*, the action of the appellate court totally frustrated any opportunity to review a final action of the trial court. For that reason we considered that the dismissal of the appeal raised a constitutional issue.

Here defendant was adjudged guilty on July 29, 1964, and the ruling on his petition for probation was on August 12, 1964. No notice of appeal from his conviction was filed until his probation was revoked on April 30, 1965.

Section 117—1(d) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 117—1(d)) provides: "The judgment of guilty entered prior to the admission of defendant to probation shall be a final judgment subject to review * * *." Supreme Court Rule 27(7)(a) provides: "Appeals from the trial court shall be perfected within 30 days from the entry of the order or judgment from which the appeal is taken, provided that if the appellant applies for probation or files a motion for a new trial or in arrest of judgment, the appeal shall be perfected within 30 days after the ruling of the court on the petition for probation or the denial of the motion. Except as provided in the next paragraph, no appeal may be taken from a trial court to a reviewing court after the expiration of 30 days from the entry of the order or judgment from which the appeal is taken." Ill. Rev. Stat. 1965, chap. 110, par. 101.27(7)(a).

While we acknowledge that the finality of a judgment of guilty without the imposition of sentence has in the past been a subject of semantic controversy, we think that the language of section 117—1(d) has properly resolved that question in Illinois in accordance with prevailing legal opin-

ion. *Korematsu* v. *United States,* 319 U.S. 432, 87 L. Ed. 1497; *People* v. *Sims,* 32 Ill.2d 591.

Defendant, under the then applicable rules and statutes, had a right to appeal his final judgment of guilty within 30 days of the ruling on his petition for probation. Since he failed to avail himself of this right, the appellate court refused to consider errors alleged to have occurred in his original trial.

The constitutional right to an appeal from final orders of a trial court must of course be perfected within the procedural fabric established by statute and rule. (*Bradford Supply Co.* v. *Waite,* 392 Ill. 318; *George* v. *George,* 250 Ill. 251.) The decision of the appellate court did not deny defendant a constitutional right of appeal, but merely held that he had not exercised that right in accordance with the applicable time limitations prescribed ·by statute and rule. Such a determination is not of constitutional status giving the right to appeal to this court.

The appeal is accordingly dismissed.

*Appeal dismissed.*