The People of the State of Illinois, Plaintiff-Appellee, *v.* Michael Blane Elliot, Defendant-Appellant.

(No. 11299;

Fourth District—April 30, 1971.

Morton Zwick, of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

In January, 1970, defendant pleaded guilty to burglary and was placed on probation for a period of three years. Upon a finding that an automobile was used in the commission of a felony his driver's license was revoked. (ch. 95½, par. 6A—205(a) 3, Ill. Rev. Stat. 1969.) In March, 1970, defendant pleaded guilty to driving with a revoked operator's license. His probation was revoked upon report of his violation of probation upon the latter conviction and his admission of a violation of probation in driving a car without permission of his probation officer. No justifying emergency was shown by the record. Sentence of one to ten years upon the burglary was imposed. Defendant appeals the sentence.

It is first urged that the revocation of defendant's license was improper because the finding that an automobile was used in the burglary was erroneous. The argued conclusion is that it was therefore error to revoke probation. It is contended that such matter should be reviewed because the trial court did not advise defendant of his right to appeal the probation order under Supreme Court Rules 604(b) and 605.

■■■ This appeal is only upon the sentence imposed following revocation of probation. Where there has been no appeal from the judgment of guilty and the order for probation, such cannot be reviewed upon appeal from an order revoking probation. (*People v. Nordstrom,* 73 Ill. App.2d 168, 219 N.E.2d 151. Appeal dismissed, 37 Ill.2d 270, 226 N.E.2d 19.) The failure of the court to advise defendant of the right to appeal is not a denial of due process or equal protection. (*People v. Covington,* 45 Ill.2d 105, 257 N.E.2d 106.) Finally, nothing in the abstract discloses the record of the proceedings argued. We do not search the record to reverse.

■■ It is next urged that prior to the hearing upon the alleged violations, the trial court elicited incriminating statements from the defendant concerning the violations. The colloquy was directed to whether or not defendant had or would procure an attorney. Defendant stated that he

would not hire a lawyer. To the court's inquiry as to whether defendant had been employed and saved money, defendant volunteered that he had paid the insurance on his car. He was not asked concerning the driving of the car. We are not persuaded that the admission of ownership of a car is to be construed as an admission of the violations alleged.

Ultimately counsel was appointed and at a subsequent proceeding defendant admitted the violations of the conditions of probation. So far as can be ascertained from the abstract, defendant also pleaded guilty to driving with a revoked license, as a separate offense.

■■ It is finally urged that at the hearing in aggravation and mitigation, the court considered matters set forth in a probation report concerning juvenile proceedings and arrests for which no convictions were shown. The error complained of could only affect the length of the sentence and was not reversible error. (*People v. Crable*, 80 Ill.App.2d 243, 225 N.E.2d 76 and *People v. Jackson*, 95 Ill.App.2d 193, 238 N.E.2d 196.) The sentence imposed by the trial court provided the statutory minimum. There is no basis for reducing the sentence as in the cited cases.

■■ It is argued that since defendant was granted probation in January, it is unreasonable to say that he deserved a penitentiary sentence in March. A condition of his probation was that he serve the first thirty days in jail. Very promptly upon his release, he violated the other conditions of probation. We find no abuse of discretion in revocation and sentence.

The judgment is affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.