THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE ALLEN NICKOLS, Defendant-Appellant.

(No. 73-139; ▮▮▮▮▮▮▮▮▮▮

Third District—November 9, 1973.

James Geis, Deputy Defender, of Ottawa, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a plea of guilty defendant, George Allen Nickols, was found guilty of felony theft in July, 1971. The Circuit Court of Warren County in August, 1971, granted defendant probation for a term of three years with the first 120 days to be spent in the State Farm at Vandalia. Pursuant to petition therefore, defendant's probation was revoked in April, 1973 and he was sentenced to a term of from two to three years in the penitentiary. Defendant filed his notice of appeal in May, 1973. On this appeal defendant makes several assignments of error regarding the trial court's admonitions under Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1971, ch. 110A, pars. 401, 402). These errors relate to the judgment of conviction in July, 1971 when the court accepted defendant's plea of guilty and granted him probation in August, 1971.

The threshold question is whether the defendant has lost his right to seek review of his original conviction because of his failure to file notice of appeal within 30 days of the date he was granted probation in August, 1971. As contended by the State, this question has been resolved adversely to the right of the defendant to seek review of his original conviction at this late date and the question no longer appears arguable. (*People v. Nordstrom,* 73 Ill.App.2d 168, 219 N.E.2d 151,

appeal dismissed in *People v. Nordstrom*, 37 Ill.2d 270, 226 N.E.2d 19, *People v. Davis*, 133 Ill.App.2d 611, 273 N.E.2d 540 and *People v. Elliott*, 131 Ill.App.2d 969, 269 N.E.2d 323.) Accordingly, any errors relating to the original conviction may not be considered on this appeal.

The only other assignment of error raised by the defendant relates to the propriety of the sentence imposed after probation was revoked namely, that the sentence is contrary to Illinois Revised Statutes 1973, ch. 38, par. 1005—8—1(c). The State acknowledges the minimum sentence is contrary to the foregoing statutory provision and concedes the sentence should be adjusted to reflect a minimum term of imprisonment of one year.

■■ For the foregoing reasons, the sentence of the Circuit Court of Warren County is modified to provide that defendant be sentenced to a term of from one to three years in the penitentiary. As so modified the sentence and judgment of conviction are affirmed.

Judgment modified and affirmed.

ALLOY, P. J., and DIXON, J., concur.