THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK GREGORY, Defendant-Appellant.

(No. 11744;

Fourth District—December 27, 1973.

CRAVEN, P. J., dissenting.

John F. McNichols, Deputy Defender, of Springfield (Bruce L. Herr, Assistant Appellate Defender, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (Steven M. Helm, Senior Law Student, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of burglary upon his plea of guilty. He was admitted to probation for a term of two years on August 8, 1969. On July 28, 1971, a petition to revoke probation was filed and after hearing on October 1, 1971, probation was revoked and sentence of one to two and one-half years was imposed. Defendant appeals.

Upon appeal counsel urged that the indictment is void for want of a sufficient allegation of the elements of burglary. This issue was not presented during the revocation proceedings and is raised for the first time here. The State's Attorney points out that there was neither appeal from the judgment of conviction nor the order granting probation, that almost two years had elapsed before the petition to revoke was filed and that the issues arising upon the conviction cannot now be reviewed. He cited *People v. Nordstrom,* 37 Ill.2d 270, 226 N.E.2d 19; *People v. Johnson,* 126 Ill.App.2d 165, 261 N.E.2d 525. To the same effect are *People v. Ilg,* 60 Ill.App.2d 295, 210 N.E.2d 20; *People v. Elliot,* 131 Ill.App.2d 969, 269 N.E.2d 323.

Defendant has cited no authority upon the issue of whether or not the validity of the indictment may be reviewed upon this appeal. During oral argument, it was urged that the issue may be reviewed as plain error under Supreme Court Rule 615.

The question is controlled by *People v. Nordstrom,* 73 Ill.App.2d

168, 219 N.E.2d 151, *aff'd*, 37 Ill.2d 270, 226 N.E.2d 19. That opinion pointed out appeals will lie both from the original judgment of conviction after probation is granted and from an order revoking probation, but that such issues are separate and independent. The court examined Supreme Court Rule 27(7)(a) (now Supreme Court Rule 606(b)), and concluded that the provision that an appeal "shall" be taken within 30 days from the entry thereof unless the accused applies for probation, and if such application is made he must then perfect an appeal from the judgment of guilty, as well as from the order granting or denying the probation, within 30 days from the date of the order which rules on the petition for probation. The court then held that the notice of appeal filed following revocation of probation was not filed in apt time to review the original judgment of guilt and that such judgment could not be reviewed. The Supreme Court, in dismissing Nordstrom's appeal, noted that the constitutional right to appeal must be perfected within the procedural fabric established by statute and rule.

In *People v. Ilg*, defendant did not appeal from a judgment of conviction. He did appeal from a subsequent order denying his petition in *coram nobis*. While such petition did not question the validity of the indictment filed, defendant contended that the validity of the indictment could be raised on appeal from the order denying *coram nobis*. The court held that where there was a failure to perfect an appeal from the conviction, the rule that the validity of the indictment could be first raised on appeal does not apply.

■■ We conclude that the plain errors which may be reviewed under Supreme Court Rule 615(a) are those incident to or arising out of the order appealed from, and that an appeal from an order revoking probation is not an available vehicle for review of the sufficiency of the indictment upon which convicted.

The record does not support defendant's argument that the trial court abused its discretion in revoking probation without considering an alternative of extending probation. The colloquy of the court and counsel makes clear that such alternative was presented, but that the court found it unacceptable.

■■ This case was pending on appeal on January 1, 1973, the effective date of the Unified Code of Corrections, and had not reached a final adjudication so that sentence is to be imposed as provided in such Code. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Burglary is designated a Class 2 felony. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1.) The sentence for a Class 2 felony shall be a maximum term in excess of one year not exceeding 20 years, but the minimum term shall not be greater than one third of the

maximum term set by the court. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b) (3) and par. 1005—8—1(c) (3).) The Code further provides that time served on probation shall be credited against a sentence of imprisonment. Ch. 38, par. 1005—6—4(h).

The revocation of probation is affirmed and the cause is remanded with directions to the trial court to re-sentence under the provisions of the Unified Code of Corrections.

Affirmed and remanded with directions.

SMITH, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN dissenting:

The defendant asserts that the indictment involved in this case is fatally defective and void. The defendant did enter a plea of guilty to that indictment. He was given probation and at a subsequent time, probation was revoked. The majority opinion holds that the validity of the indictment is not now subject to review in this proceeding—a direct appeal from the revocation of probation. I respectfully disagree.

A void indictment confers no jurisdiction upon the court. The defendant cannot confer jurisdiction by waiver or by consent. (*People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53; *People v. Powell*, 61 Ill.App.2d 238, 209 N.E.2d 345.) Thus, if the indictment in this case is void as the defendant contends, the trial court had no jurisdiction to place the defendant upon probation nor did it have jurisdiction to revoke that probation and impose sentence. Want of jurisdiction can be raised at any time.

It seems to me to be burying one's head in judicial sand to say that the defendant has no remedy in this court at this time and must go back to the circuit court and seek either habeas corpus or post-conviction or some other unnamed remedy to have the validity of the indictment determined.

While I agree that a failure to take a direct appeal from the conviction constitutes a waiver of review of issues that might have been subject to such direct appeal, it does not constitute a waiver of the issue of jurisdiction.

In substance, the majority opinion seems to hold that while the defendant may be wrongfully incarcerated, he is not able to raise that issue in this proceeding and he should pursue a different remedy. Inasmuch as the issue he seeks to tender is one of jurisdiction, it should, in my opinion, be reached upon this appeal. To hold otherwise is to reactivate a procedural merry-go-round. See *Marino v. Ragen*, 332 U.S. 561, 570, 92 L.Ed. 170, 68 S.Ct. 240 (concurring opinion of Mr. Justice Rutledge).