THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALAN LAMBERT, Defendant-Appellant.

(No. 73-240; )

Third District—November 22, 1974.

*Rehearing denied December 13, 1974.*

James Geis, State Appellate Defender's Office, of Ottawa, for appellant.

Henry D. Sintzenich, State's Attorney, of Macomb, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Alan Lambert appeals from an order of probation revocation and an order dismissing his petition for section 72 relief. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) It appears that in January 1973 defendant Lambert was charged in an information containing one count of burglary and another of felony theft. After a waiver of indictment defendant pleaded guilty of both counts and was sentenced to probation. No appeal was taken from the conviction and sentence. Several months later, a petition to revoke the probation of defendant was filed as against defendant and, following a hearing, his probation was revoked.

During the sentencing hearing which followed, defendant objected to the presentence report in the case for the reason that it had been compiled a few months earlier and did not include, apparently, certain pertinent information as to defendant's possible rehabilitation. Defendant and his former employer testified at the hearing. Dr. Robert Bower, a director of special education in the Macomb area, also testified. Dr. Bower outlined a coordinated program involving educational facilities, employment, and the probation office. He testified that this program was one which in his opinion would fit the defendant's particular needs and problems. The doctor conceded that the plan was in the conceptual stage but noted that the agency commitments could be secured within a week. Following Dr. Bower's testimony, defendant requested a continuance to allow further action on the proposed plan. The trial court noted that there had been several previous continuances at the request of defendant and denied the request for continuance. Following the hearing, the trial court sentenced appellant to a term of 1 to 3 years on each of the counts, with sentences to be served concurrently.

Since the procedures in this case were unique, we should note that the petition under section 72 of the Civil Practice Act, which was filed on July 17, 1973, sought vacation of the original conviction entered pursuant to a plea of guilty. The petition alleged that defendant had been under frequent institutional care due to a mental condition and that he

was of borderline intelligence. The petition asserted that defendant had been unfit for trial at the time of his guilty plea due to his mental condition. The State moved for summary judgment, and recited in such motion that the petition did not allege any new facts which, if known at the trial, would have prevented the judgment of conviction. The trial court granted the motion for summary judgment. As we have indicated, the appellant in this cause appeals both from the order of probation revocation and the order dismissing the petition for section 72 relief.

■■■ The first issue raised by defendant is that the waiver of grand jury indictment was defective since it failed to meet the requirements set out in Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(b)). We note that the imposition of probation following conviction for a criminal offense is a final and appealable order (*People v. Nordstrom*, 37 Ill.2d 270; Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—2(e)). Any irregularity in the form of conviction originally imposed or as to the imposition of sentence is subject to direct appeal, or, where the issue is appropriate, in a post-conviction proceeding. Irregularities in the original trial, however, are not subject to review in an appeal of an order revoking probation which was granted at the original trial. (*People v. Johnson*, 126 Ill.App.2d 165.) The *Johnson* case found that where defendant had pleaded guilty and was placed on probation and took no appeal therefrom, he could not be heard to complain on a later appeal from an order revoking probation, and that a waiver of a trial by jury in the original action was unknowingly done, since such contention amounted to a collateral attack on the earlier judgment. (*People v. Floyd*, 14 Ill.App.3d 1009; *People v. Nickols*, 15 Ill.App.3d 213, 303 N.E.2d 565 (Third Dist. 1973).) In the *Nickols* case, which we believe is determinative of the present issue, our court held that a person who had previously been placed on probation could not allege violations of Supreme Court Rules 401 and 402 in the underlying conviction on an appeal from the order revoking probation which had been granted as a result of the prior trial. We, therefore, conclude that appellant in this case is not entitled to relief on the issue raised in this appeal as noted in the *Nickols* case.

■■ A contention is also made by appellant that he was improperly convicted of two crimes which arose from the same conduct, not independently motivated. Since this issue would necessarily be resolved by the same rule as expressed in the *Nickols* case, and since the assertion by defendant would really amount to a challenge to the propriety of the underlying conviction, a review of such conviction is not permissible upon the present appeal.

■■ Two additional issues are properly before this court since they involve sentence imposed after the finding of violation of probation. De-

fendant contends first that he was improperly sentenced at the conclusion of the revocation hearing, since the presentence report before the court, he states, was inadequate and outdated and that a continuance aimed at correcting the deficiency was improperly denied. While we agree that it is desirable to have a complete presentence report, any inadequacy in the report was clearly cured by the testimony of Dr. Bowers, director of special education, to whom we have referred. The purpose of the presentence report was to provide the judge with sufficient information so that he could consider all factors which would be pertinent in imposing sentence. Certainly, as a result of the report as it was actually submitted, coupled with the testimony of Dr. Bowers, the trial judge was advised as to all pertinent information. We believe that the use of the presentence report in the situation before us, on the record, was not reversible error.

■■ Similarly, the granting of a continuance normally is within the sound discretion of the trial judge. It is the contention of the defendant that the failure to continue the sentence hearing until it could be determined whether the program that Dr. Bowers had outlined was viable was an abuse of discretion. Defendant was already on probation and was unable to adhere to the terms of the probation granted, and defendant had previously been granted continuances relating to the issue of sentencing. In view of the fact that the proposed program had a degree of uncertainty, we do not believe that we, sitting as a court of review, on the basis of the record before us, could determine that there was an abuse of judicial discretion for the trial court, in effect, to determine that further evidence in support of another program which did not involve incarceration would not be helpful to the court. Under the facts in the case, therefore, we do not believe that the denial of the continuance is a basis for reversal of this cause.

■■ A final contention is made by defendant that he is entitled to an evidentiary hearing on whether he was mentally competent to plead guilty to the charges in the original trial. The competency issue was asserted for the first time in the section 72 petition. If the issue presented by the petition had alleged facts which, had they been known by the trial court, would have raised a bona fide doubt as to defendant's competency to plead, it would have been an issue which should have been considered by this court (*People v. Walton*, 15 Ill.App.3d 896, 305 N.E.2d 395). In order to obtain relief, however, the facts must be decisive in nature and not merely cumulative or additional to those which were presented at the trial. (See cases at I.L.P. *Judgments* § 170 (1956).) If the facts are alleged in the petition which would in fact not be merely cumulative, then petitioner would have been entitled to introduce evi-

dence to prove those allegations, and, if able to sustain the burden of proof, might have been entitled to relief. The prosecutor does not challenge the propriety of section 72 as a vehicle for asserting the issue of incompetence, but instead contends that relief would be improper in this case for the reason that the petition fails to allege any facts which were not known to the trial judge. The State moved for summary judgment on that basis. Defendant admits that the trial judge was aware of certain institutional care he had undergone. He claims, though, that the facts alleged in the section 72 petition were of a much higher degree than those available to the trial judge. Generally, facts which are more specific than those previously disclosed are more properly classified as cumulative than decisive and are thus not sufficient to entitle petitioner to section 72 relief. On the basis of the record before us, therefore, it appears that the determination of the trial judge that the allegations contained in the section 72 petition were merely cumulative should not call for a reversal on the basis of the record before us.

For the reasons stated, the orders of the Circuit Court of McDonough County will be affirmed.

Affirmed.

SCOTT, P. J., and DIXON, J., concur.