*In re* JAMES EARL TUCKER, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES EARL TUCKER, Defendant-Appellant.)

Third District   No. 75-472

Opinion filed December 30, 1976.—Supplemental opinion filed January 31, 1977. Rehearing denied March 3, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a juvenile proceeding conducted in the Circuit Court of Kankakee County which resulted in James Earl Tucker, a minor (hereinafter referred to as the defendant), being committed to the Department of Corrections after a finding had been made that he had violated the terms of his probation by committing the offense of disorderly conduct.

The facts pertinent to this appeal are as follows. On May 1, 1974, a petition was filed in the Circuit Court of Kankakee County praying that the defendant, then 12 years of age, be declared delinquent on the grounds that he had committed the offense of burglary. An adjudicatory hearing ensued wherein it was determined that the defendant had violated the criminal laws of our State. On May 17, 1974, an order was signed declaring the defendant to be a ward of the court. On June 19,

1974, at a dispositional hearing pursuant to a recommendation of the juvenile probation officer he was placed on probation.

On April 25, 1975, a petition for change of custody was filed in which it was alleged that the defendant had violated the terms of his probation by committing the offense of disorderly conduct in that he knowingly exposed his penis to an adult female person. There were other charges of probation violation conduct contained in the petition but these were subsequently dismissed on the motion of the defendant's retained defense counsel.

A hearing was had on the petition for change of custody and the court found that the defendant had violated the terms of his probation and at an ensuing dispositional hearing the court ordered that he be committed to the Department of Corrections. At this time the defendant was 13 years of age.

A number of issues are raised in this appeal by the minor defendant, the proper determination of which he contends will warrant a reversal of the order revoking his probation and the order committing him to the Department of Corrections. We prefer, however, to direct our attention to the issue as to whether the court erred in committing the defendant to the Department of Corrections based upon a finding of probation violation, since the court could only impose the dispositions available when the defendant was originally placed on probation, at which time he was but twelve years of age.

■■ In determining this issue we first direct our attention to the Juvenile Court Act and more specifically to section 5—3(6) (Ill. Rev. Stat. 1973, ch. 37, par. 705—3(6)), which provides as follows:

"After a hearing, the court may modify or enlarge the conditions of probation or of conditional discharge. If the court finds that the minor has violated a condition at any time prior to the expiration or termination of the period of probation or conditional discharge, it may continue him on the existing disposition, with or without modifying or enlarging the conditions, *or may revoke probation or conditional discharge and impose any other disposition that was available under Section 5—2* [*ch. 37, par. 705—2*] *at the time of the initial disposition.*" (Emphasis added.)

In ascertaining what dispositions were available to the court when the defendant, at age 12, was placed on probation we find that section 5—2(1)(a)(5) of the Juvenile Court Act (Ill. Rev Stat. 1973, ch. 37, par. 705—2(1)(a)(5)) states as follows:

"(1) The following kinds of orders of disposition may be made in respect of wards of the court:

(a) A minor found to be a delinquent under Section 2—2 [Ill. Rev. Stat. 1973, ch. 37, par. 702—2] may be * * * (5) committed

to the Department of Corrections under Section 5—10 [Ill. Rev. Stat. 1973, ch. 37, par. 705—10] if he is *13 years of age or older*, provided that minors less than 13 years of age may be committed to the Department of Corrections until July 1, 1973. ° ° °" (Emphasis added.)

We have set forth the statutory provisions of the Juvenile Court Act which are applicable in the instant case. After an examination of them it is clear that the court could only impose those dispositions that were available to it when the minor defendant was placed on probation, at which time he was but 12 years of age. A commitment to the Department of Corrections was not one of the dispositions available to the trial court.

For the reasons set forth the order of the trial court committing the minor defendant to the Department of Corrections is reversed and this cause is remanded for a new dispositional hearing.

Reversed and remanded.

ALLOY, P. J., and STENGEL, J., concur.


## SUPPLEMENTAL OPINION

Mr. JUSTICE SCOTT delivered the opinion of the court:

On December 30, 1976, we filed an opinion in this case in which we found that the trial court erred in committing James Earl Tucker, the minor respondent, to the Department of Corrections following his revocation of probation since the trial court could impose only such dispositions as were available at the time of the minor respondent's original dispositional hearing. We adhere to the decision and reasoning set forth in that opinion. See *People v. Tucker* (1976), 45 Ill. App. 3d 728.

On January 7, 1977, a petition for rehearing was filed by the minor in which it was alleged that this court disregarded several issues which affected substantial rights of the minor. After examining the petition for rehearing we have concluded that certain allegations in the same are well taken and hence we direct our attention in this supplemental opinion to additional issue presented for review in this appeal.

The minor contends that the trial court erred at the initial delinquency proceedings when he was 12 years of age and charged with the offense of burglary in that neither he nor his mother was properly admonished as to his rights under the Juvenile Court Act and more specifically the right to counsel and the right to appeal. It is also contended that the trial court did not make an affirmative finding that the minor respondent intelligently waived his right to legal representation.

These alleged errors occurred May 15, 1974, and the minor was placed on probation on June 19, 1974. The petition for change of custody from which this appeal rises was filed on April 25, 1975, and the minor was committed to the Department of Corrections on October 15, 1975. As we have stated, our previous opinion in this cause found the commitment to the Department of Corrections improper. The minor respondent now seeks to have this court review the propriety and sufficiency of the trial court's admonishments which were given to him during the 1974 delinquency proceedings and from which no appeal was taken after the minor was adjudicated delinquent and placed on probation.

■■■ We are not inclined to review the alleged errors regarding the admonishments given to the defendant on May 15, 1974, for we have held that irregularities in a defendant's original trial are not subject to review on an appeal from an order subsequently revoking probation. (See *People v. Nickols* (1973), 15 Ill. App. 3d 213, 303 N.E.2d 565; *People v. Lambert* (1974), 23 Ill. App. 3d 615, 320 N.E.2d 395.) This court lacks jurisdiction to consider alleged errors in the original conviction when a defendant does not file a notice of appeal placing him on probation. (*People v. Schultz* (1975), 27 Ill. App. 3d 844, 327 N.E.2d 334.) The principles which we have enumerated are applicable to juveniles as well as criminal adult matters. Supreme Court Rule 660 provides that appeals from final judgments in delinquent minor proceedings, except as otherwise provided, shall be governed by the rules applicable to criminal cases. See Ill. Rev. Stat. 1975, ch. 110A, par. 660.

The minor further argues that the trial court erred in denying his motion to dismiss a disorderly conduct charge against him which was predicated upon the allegation that the minor exposed his penis in public. At that time he allegedly committed this act he was 13 years of age.

■■ The minor was not guilty of the offense of disorderly conduct. (See Ill. Rev. Stat. 1973, ch. 38, par. 26—1.) The Committee Comments regarding our disorderly conduct statute state:

> . "The offense of disorderly conduct, as defined in Article 26, is considerably narrower than the former legislation which appeared under the same heading. (Ill. Rev. Stat. 1959, ch. 38, §§159-179.) This is primarily because the former statute dealt with prostitution, public indecency, and obscenity. These offenses have been covered in other sections of the Code. * * *" (Ill. Ann. Stat., ch. 38, par. 26—1; Committee Comments, at 596 (Smith-Hurd 1970).)

The minor was publicly indecent, however, he cannot be charged with the offense of public indecency. Section 11—9(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 11—9(a)) provides:

> "(a) Any person of the age of 17 years and upwards who performs

any of the following acts in a public place commits a public indecency:

\* \* \*

(3) A lewd exposure of the body done with the intent to arouse or to satisfy the sexual desire of the person; \* \* \*."

■■ The crime of public indecency consists of three essential elements, to-wit, the age of 17 years and upwards, the performance of a specified act with a specific intent and performance in a public place. The minor in the instant case, being but 13 years of age at the time he exposed himself, could not be guilty of public indecency.

The motion to dismiss the disorderly conduct charge against the minor was well taken and error was committed when it was denied by the trial court.

For the reasons set forth in this supplemental opinion the trial court's judgment finding that the minor was guilty of disorderly conduct is reversed; however, we find no error regarding the trial court's admonishments to the minor when on May 15, 1974, he was adjudicated a delinquent and placed on probation as the result of a burglary charge.

Affirmed in part and reversed in part.

ALLOY, P. J., and STENGEL, J., concur.