THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TROY COMBS, Defendant-Appellant.

Fourth District   No. 4—89—0359

Opinion filed May 17, 1990.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Vince Moreth, State's Attorney, of Carlinville (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

On March 4, 1986, defendant pleaded guilty before the circuit

court of Macoupin County to a charge of aggravated battery. (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(a).) On the same date, defendant was sentenced to 30 months' probation.

Subsequently, defendant was found guilty in a jury trial, involving an unrelated incident, of aggravated criminal sexual abuse and criminal sexual abuse. (Ill. Rev. Stat. 1987, ch. 38, pars. 12—16(c)(1), 12—15(a)(2).) As a result, the State filed a petition to revoke defendant's probation, and on December 28, 1988, the trial court revoked defendant's probation. On February 27, 1988, defendant was sentenced to a term of imprisonment of five years. The written judgment order was entered on March 2, 1989.

■ Defendant has now appealed. The State's responsive brief challenged the jurisdiction of this court to consider the appeal because of the late filing of the notice of appeal. In his reply brief, defendant suggested this court should consider the matter anyway because the late filing of the notice of appeal was due to the ineffective assistance of counsel. The State has filed a motion to strike that portion of defendant's reply brief, and defendant has filed a response thereto. Both the motion and the defendant's response have been taken with the case. Because it is clear the notice of appeal was not timely filed and the court is without jurisdiction to consider the appeal, the motion is denied as moot.

It is without dispute that at the sentencing hearing following the revocation of defendant's probation, defendant was admonished by the court that he had 30 days to initiate appeal. Instead of filing a notice of appeal immediately, however, the defendant, on March 10, 1989, filed a document entitled "a motion to withdraw plea of guilty and to vacate judgment thereon." Defendant's motion was denied on April 25, 1989. The notice of appeal was filed on May 1, 1989. No motion to file a late notice of appeal has been filed. 107 Ill. 2d R. 606(c).

■■ ■ Illinois Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) requires that a motion to withdraw a guilty plea be filed within 30 days of the imposition of a sentence for a conviction based on a guilty plea. Except for issues relating to sentencing, the filing of such a motion is a condition precedent to the maintenance of a proper appeal. (*People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218.) However, it was never contemplated by the rule, as shown by the ordinary meaning of the language employed, that the defendant be given an opportunity three years later to vacate the earlier guilty plea merely because defendant's probation was revoked. If defendant wanted to raise any issues concerning the guilty plea, defendant should have done so within 30 days of being sentenced to probation. Once that or-

der has become final, defendant cannot attack the guilty plea following revocation of probation.

In an appeal from a revocation of probation, the only issues which ordinarily may be raised are issues concerning the propriety of the revocation of probation and the subsequent sentence of imprisonment. The guilty plea itself may not be collaterally attacked (*People v. Willis* (1978), 64 Ill. App. 3d 737, 381 N.E.2d 799) unless the guilty plea was accepted as a result of a mistake of law on the part of the trial judge. (*People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298.) Such an argument is not made by defendant in this appeal. As a result, the motion to withdraw the guilty plea is unnecessary and superfluous. Furthermore, the filing of such a motion does not toll the running of the time for filing a notice of appeal.

Defendant does not argue that the motion filed following the revocation of probation can be construed in any way as a motion to reconsider the revocation of probation or the sentence imposed thereon, such that the motion might be construed in such a way or to toll the running of the time for filing the notice of appeal. Nor could such an argument be made in good faith. The main focus of the motion is clearly directed at having the guilty plea set aside as involuntarily made and for a trial to be conducted in lieu thereof.

Instead, the defendant attempts to convince this court to consider the appeal anyway because the failure to file the notice of appeal may have been due to ineffective assistance of counsel. Defendant relies on *People v. Aliwoli* (1975), 60 Ill. 2d 579, 328 N.E.2d 555, and other cases, in which the omission of the attorney involved the filing of a document other than the failure to timely file the notice of appeal. The filing of the notice of appeal is, however, unlike the filing of other documents, the step in the process which vests jurisdiction in the appellate court. (*People v. Carter* (1980), 91 Ill. App. 3d 635, 415 N.E.2d 17; 107 Ill. 2d R. 606(a).) In order to invoke the jurisdiction of this court, defendant must have filed the notice of appeal within 30 days of the final order sentencing defendant following the revocation of defendant's probation or within 30 days of an order disposing of a timely filed motion directed against the order from which the appeal is taken, specifically the orders of the circuit court revoking defendant's probation and sentencing defendant. 107 Ill. 2d R. 606(b).

The crux of the problem here is that defendant's motion, although timely filed, was not directed against the appealable order, but was directed against the earlier conviction entered following the guilty plea. Since a reviewing court cannot consider contentions regarding the original conviction in an appeal from a probation revoca-

tion (*People v. Susberry* (1979), 68 Ill. App. 3d 555, 386 N.E.2d 361; *In re Tucker* (1976), 45 Ill. App. 3d 728, 359 N.E.2d 1067; *People v. Nordstrom* (1966), 73 Ill. App. 2d 168, 219 N.E.2d 151, *appeal dismissed* (1967), 37 Ill. 2d 270, 226 N.E.2d 19), then the filing of the motion by defendant in this case did not toll the running of the 30-day period for filing the notice of appeal.

The notice of appeal having not been timely filed, this court is without jurisdiction to consider the issues raised on appeal even though ineffective assistance of counsel might be involved. The proper remedy for defendant is the filing of a petition for post-conviction relief. Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*

For the foregoing reasons, the above-captioned appeal is hereby dismissed.

Appeal dismissed.

STEIGMANN and McCULLOUGH, JJ., concur.